1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7
8
9

STEVEN WAYNE FELDMANN,                    )         3:13-cv-00688-MMD-WGC
                                          )
          Plaintiff,                      )         **ORDER**
                                          )
10                                        )
11             vs.                        )
                                          )
12   STATE OF TEXAS, et. al.,             )
                                          )
13        Defendants.                     )
                                          )
     ─────────────────────────────────── )
14

15          Before the court is Plaintiff's application to proceed in forma pauperis. (Doc. # 1.)[1]

16          A person may be granted permission to proceed in forma pauperis if the person "submits an

17   affidavit that includes a statement of all assets such [person] possesses [and] that the person is

18   unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,

19   defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

20   "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some

21   particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.

22   1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The

23   litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont*

24   *De Nemours & Co.*, 335 U.S. 331, 339 (1948).

25          When a prisoner seeks to proceed without prepaying the filing fee:

26               [I]n addition to filing the affidavit filed [as described above], shall submit a
             certified copy of the trust fund account statement (or institutional equivalent) for the
27           prisoner for the 6-month period immediately preceding the filing of the complaint or
             notice of appeal, obtained from the appropriate official of each prison at which the
28           prisoner is or was confined.

─────────────────────
[1]Refers to court's docket number.

28 U.S.C. § 1915(a)(2).

Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

> (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff has submitted two applications to proceed in forma pauperis (Doc. # 1, Doc. # 1-1), both of which indicate that he is presently incarcerated, but neither includes the required financial certificate. This is contrary to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-1.

Accordingly, Plaintiff's application to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to proceed in forma pauperis, he must comply with the requirements set forth in 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-1.

The court further notes that while Plaintiff filed the cover page of a complaint (Doc. # 1-2 at 1), he has not actually filed a complaint. Instead, he attaches correspondence from the United States District Court for the District of Texas (Doc. # 1-2 at 2), various forms from this district court (Doc. # 1-2 at 3-23), and summonses and proofs of service (Doc. # 1-3, Doc. # 1-4, Doc. # 1-5), a notice of lawsuit and request to waive service of summons (Doc. # 1-6), and the civil cover sheet (Doc. # 1-8). Plaintiff is required to submit a cognizable civil complaint along with his complete and properly supported application to proceed in forma pauperis.

Accordingly, this improperly commenced action is therefore **DISMISSED WITHOUT PREJUDICE**. If Plaintiff seeks to renew this action, he must file a properly commenced action under a *new* docket number with either the required filing fee or a properly completed and

supported application to proceed in forma pauperis. The Clerk shall **<u>SEND</u>** Plaintiff two copies each of the in forma pauperis application for a prison and civil rights complaint forms, along with the instructions for the forms and a copy of all papers she submitted. Judgment should be entered accordingly, dismissing this action without prejudice.

**IT IS SO ORDERED**.

**DATED**:   February 18, 2014.

_____
**WILLIAM G.  COBB**
**UNITED STATES MAGISTRATE JUDGE**